5    147
52 LRA 586n

ABRAHAM MOSS, Plaintiff in Error,

*vs.*

GEORGE VROMAN, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

A motion for a new trial on the ground of newly discovered evidence, should set out the evidence, that the court may judge of its materiality.

A motion for a new trial based upon newly discovered evidence, should be overruled unless such evidence be set out in the motion or affidavit on which it is founded.

This court will not notice an objection to the ruling of the court below as to the admission or rejection of evidence, unless such ruling be excepted to, and the same brought to the record by bill of exceptions.

Exceptions to the ruling of the judge when he tries an issue of fact are as necessary and essential as when the cause is tried by a jury.

This court will not interfere with the finding of the court or jury on the mere ground that such finding is against the weight of evidence.

What is, and is not a proper book account in contemplation of the statute.

THIS was an action of assumpsit commenced by the defendant in error against the plaintiff in error by the service of declaration and rule. The declaration was for work and labor, and the money counts. Plea, general issue, with notice of special matter.

The cause was tried at the November term, A. D. 1855, by the court, a jury having been waived, by the parties. The plaintiff offered in evidence what he claimed to be his book account, and being sworn to verify the same according to the statute, he testified that the book offered "was his account book kept for that purpose, that it contained the original entries made at, or about the time they purport to have been made; that they were in his own handwriting and were just and true." And being cross-examined, he testified as follows :

"The charges for grain are for grain raised on my farm by the said defendant. Said farm was leased originally to said defendant and one Turner, but before they raised any grain, Turner left the country, he having given up the lease to defendant.

Then defendant went on and raised the grain on his own account individually. The farm was leased to them jointly in writing, but Moss bought out Turner, took the amount of grain from Moss's books and Abbott's books. Abbott threshed the grain; have never had any of the grain raised last year; the lease expired six years ago next spring. Moss had it two years; lease was put into Mr. Haus's hands to be kept and only to be given up by consent of both parties; don't know what became of it; never had any settlement with defendant.

"The book was then offered in evidence; objected to by defendant's counsel. Court remarked 'he would receive it for what it was worth.'—The book contained charges against the defendant, as follows, to wit:

| " Abraham Moss to George Vroman, | Dr. |
|---|---|
| 1848, Jan. 10th. To paid your order to S. F. Honn, for cradle and grass scythe, | $7.00 |
| 1849, To grain raised on my farm in A. D. 1849, 740 bushels of oats (one-third of 2,222), at 25 cents per bushel, | $185.00 |
| " To 106 bushels of wheat (one-third of 318), 50 cents per bushel, | 53.00 |
| " To 60 bushels of potatoes (one-third of 180), 25 cents per bushel, | 15.00 |
| May 15. 1849. One cow bought from me on the farm, | 15.00 |
| Oct. 8. Paid to Dr. Chapman by your order, | 12.00 |
| | $287.00 |

The defendant admitted the first two items charged in the plaintiff's account. There was other testimony offered and received, among which was that of both the parties to the suit. The court found for the plaintiff, one hundred and thirty dollars, and rendered judgment accordingly.

The counsel for the defendant then moved the court for a new trial, founded upon an affidavit of the defendant's attorney, to

the effect that the defendant was taken by surprise at the nature and kind of the evidence admitted; and that since the trial, the defendant had discovered new and important testimony in his favor; without setting out the evidence alleged to have been newly discovered. The court overruled the motion, and the defendant excepted.

*Remington & Rollins,* for the plaintiff in error.

*M. H. Orton,* for the defendant in error.

*By the Court,* SMITH, J. The only exception taken to the ruling of the court below in this case, and the only error assigned is, upon overruling the motion for a new trial.

The motion was predicated upon the ground of surprise, and of newly discovered evidence, but does not disclose such evidence. Upon this latter ground, therefore, the motion should fail. Whenever a motion for a new trial is based upon newly discovered evidence, that evidence should be particularly set forth, so that the court may judge of its materiality. This was not done, and the motion, for this assigned cause, was properly overruled.

In regard to the allegation of surprise, we are not able to perceive upon what it is in fact predicated. It appears that the evidence upon which the plaintiff below recovered was, his book account verified by his oath. This was objected to, and received "for what it was worth," but no exception was taken to its reception in this manner. It was equivalent to deciding, that the testimony was competent in kind, and the weight or effect thereof was to be left to the jury. No exception was taken to this ruling, and the presumption is, that it was acquiesced in by the defendant below. There is no doubt that if an exception had been taken to the ruling of the judge admitting the book in evidence, and the party excepting had brought such decision to the record, the exception would have prevailed. The character of the charges, want of dates, and other characteristics of the paper

sworn to by the plaintiff below, indicate clearly, that it never could have been a regular book account, such as is contemplated by the statute, and ought not to have been received in evidence.

But, as no exception was taken to its admission, we do not perceive any remedy. Exceptions to the ruling of the judge, when he tries the issue, are as essential as in cases where the issue is tried by a jury. Nor can a party be said, in a legal sense, to be surprised at the admission of evidence to which he takes no exception. We repeat, that the papers called on account book, admitted in this case, ought not to have been received, if the statement of the case represents them truly, and it may well be that great injustice has been done. But we can perceive no legal mode of redressing the injury, if such there may have occurred, for want of proper exceptions taken.

It was insisted by the counsel, there was not sufficient evidence before the court below to sustain its finding. But the book having been admitted, and not brought within our review by exception, we cannot say that a jury, upon evidence of such kind, admitted by the court, would so grossly have erred as to justify the intervention of this court. There was some evidence admitted upon which the finding was based, and if parties desire to have such matters reviewed, they must present them in a proper manner.

Judgment affirmed, with costs.